IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOE HENRY SCOTT, III,
     Plaintiff,

vs.                             Case No.: 3:19cv3752/TKW/EMT

ROBERT A. MACKEY,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review, it is apparent Plaintiff has failed to state a viable claim for relief against the named Defendant. It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend [his] claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation

omitted).  The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

## I.    BACKGROUND

Plaintiff names one Defendant in the action—Robert A. Mackey, the owner of Bagelheads, a restaurant in Pensacola, Florida (ECF No. 1 at 1, 2).  It appears the matter stems from a "Trespass Warning" issued by the Pensacola Police Department ("PPD") on July 19, 2016, at Mackey's request, barring Plaintiff from the Bagelheads property (*id*. at 4–5, 9).  Plaintiff claims that in obtaining the trespass warning and barring him from the property, Mackey: (1) violated his rights under the Florida Constitution; (2) discriminated against him on the basis of his race and physical disability; (3) deprived him of his life, liberty, privileges, and immunities; (4) "malicious[ly]" battered him; (5) violated his civil rights; and (6) caused stress, anxiety, oppression, and depression (*id*. at 5–6).  As relief Plaintiff seeks "$1000 a day," presumably for each day the trespass warning has been in effect (*see id*. at 6).  He also appears to request that a lien be placed on various assets belonging to Mackey, evidently to secure a monetary judgment in this case (*id*.).

## II.    DISCUSSION

### A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274,

1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits" and courts are not required "to conjure up questions never squarely presented to them").

B. Section 1983 Claims

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, Plaintiff has failed to plead facts sufficient to establish either element of a § 1983 claim. Not only does Plaintiff not specify a constitutional provision or other federal law under which he proceeds, but he names as the lone Defendant a private citizen and business owner—Robert A. Mackey. It is clear Mackey did not act under the color of law in obtaining a trespass warning barring Plaintiff from the Bagelheads property, and therefore he is not subject to suit under § 1983.

Even if this court liberally construed Plaintiff's complaint as asserting civil rights claims against the PPD—based upon its issuance of the trespass warning—the claims still fail because the PPD is a state agency that is not subject to suit under

Section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit . . . but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'") (quoting Fed. R. Civ. P. 17(b)). Under Florida law, police departments are not entities subject to suit. *Florida City Police Dept. v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995).

C. Discrimination Claims

Florida law prohibits restaurants from refusing to serve someone because of his race, color, or physical disability. Section 509.092 of the Florida Statutes provides:

> Public lodging establishments and public food service establishments are private enterprises, and the operator has the right to refuse accommodations or service to any person who is objectionable or undesirable to the operator, but such refusal may not be based upon race, creed, color, sex, physical disability or national origin. A person aggrieved by a violation of this section or a violation of a rule adopted under this section has a right of action pursuant to § 760.11.

Fla. Stat. § 509.092 (eff. July 1, 2015).

The Florida legislature patterned the Florida Civil Rights Act after Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000, *et. seq*. *See Florida State Univ. v. Sondel*, 685 So. 2d 923, 925 n.1 (Fla. 1st DCA 1996); *accord, Florida Dep't of Cmty. Affairs v. Bryant*, 586 So. 2d 1205, 1208 (Fla. 1st DCA 1991). Thus, the Florida Supreme Court would interpret the meaning of Fla. Stat. § 509.092 by

looking to Titles II and VII of the Civil Rights Act of 1964, § 201, *et. seq., as amended*, 42 U.S.C. § 2000a, *et. seq.*, and to other federal civil rights public accommodation cases brought pursuant to 42 U.S.C. § 1981.  Accordingly, "this Court looks to established federal public accommodation law . . . to determine the elements of Plaintiff's civil rights claims under the Florida statute." *Stevens v. Steak n Shake, Inc.*, 35 F. Supp. 2d 882, 886 (M.D. Fla. 1998).

The United States Congress has enacted two statutes that establish civil rights in the context of public accommodations: (1) Title II of the Civil Rights Act of 1964, § 201, *et. seq., as amended*, 42 U.S.C. § 2000a, *et. seq.*; and (2) 42 U.S.C. § 1981. Title II provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).  A "place of public accommodation" includes restaurants, lunch counters, and other food establishments whose operations affect commerce. An operation affects commerce where a substantial portion of the food served has moved in interstate commerce, or where the establishment offers to serve interstate travelers.  42 U.S.C. § 2000a.  Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is

enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

To establish a prima facie case of discrimination under federal law—and by analogy under Fla. Stat. § 509.092—Plaintiff must demonstrate: (1) that he is a member of a protected class; (2) that Defendant intended to discriminate against him on that basis; and (3) that Defendant's racially discriminatory conduct abridged a right enumerated in the statute. *Stevens*, 35 F. Supp. 2d at 887 (*citing Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)).

Plaintiff has not established a prima facie case of race discrimination. Although he does not identify his race in the complaint itself, the "Trespass Warning" attached to the complaint identifies Plaintiff as a black male (ECF No. 1 at 9). While this might be sufficient to establish the first element of a race-based discrimination claim, Plaintiff has alleged no facts whatsoever to establish that Mackey acted with an intent to discriminate against him based on his race. As the statute recognizes, a business owner "has the right to refuse accommodations or service to any person who is objectionable or undesirable to the operator," so long as the refusal is not based on a prohibited factor. Fla. Stat. § 509.092. Thus, merely being a member of a protected class and being refused services—which are the whole of Plaintiff's allegations—is insufficient to establish racial discrimination

under the applicable statutes, because a restauranteur may refuse to serve "protected persons" based on a variety of permissible reasons. *See Stevens*, 35 F. Supp. 2d at 890 ("A person may be objectionable or undesirable because he is intoxicated, disruptive, or unwilling or unlikely to pay."). *Cf. West v. LQ Mgmt., LLC*, 156 F. Supp. 3d 1361, 1369 (S.D. Fla. 2015) (denying summary judgment where alleged racially discriminatory conduct by innkeeper *was accompanied by* innkeeper's repeated comment that he did not want "their kind [sic] of people in this hotel").

To the extent Plaintiff complains he was banned from Bagelheads due to a physical disability, Plaintiff has not identified the nature of the alleged physical disability in the complaint itself, and none is apparent from the attachments to the complaint. Therefore, he has failed to state a discrimination claim based upon a *physical* disability—which is what he specifically alleges in the complaint (ECF No. 1 at 5). Plaintiff, however, attached to his complaint two psychological evaluations, so the court will again construe his allegations in a liberal fashion and consider Plaintiff's claim as one asserting discrimination based upon a *mental* disability.

"Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 531 U.S. 1049, 121 S. Ct. 1879, 1889, 149 L. Ed. 2d 904 (2001). Employment discrimination, discrimination by government entities, and discrimination by places of public accommodation are governed by separate titles of the ADA. *See id*. Title III, which applies to

discrimination by places of public accommodation, is implicated by the instant case.

Only injunctive and declaratory relief are available to private litigants who bring suit

under Title III—i.e., money damages are not available.  *See* 42 U.S.C. § 12188;

*Powers v. MJB Acquisition Corp.*, 993 F. Supp. 861, 867 (D. Wyo. 1998) ("Title III

of the ADA does not provide for a private cause of action for damages").  Title III

establishes the "[g]eneral rule" that:

> No individual shall be discriminated against on the basis of disability
> in the full and equal enjoyment of the goods, services, facilities,
> privileges, advantages, or accommodations of any place of public
> accommodation by any person who owns, leases, (or leases to), or
> operates a place of public accommodation.

42 U.S.C. § 12182(a).  This broad prohibition contains three essential elements that

require further definition to understand the reach of Title III, namely (1)

"discrimination" on the basis of (2) "disability" in (3) a "place of public

accommodation."  *Id*.

For purposes of Title III, the term disability means "a physical or mental

impairment that substantially limits one or more of the major life activities."  42

U.S.C. § 12102(2)(A).  Major life activities are "functions such as caring for oneself,

performing manual tasks, walking, seeing, hearing, speaking, breathing, learning,

and working." 28 C.F.R. § 1630.2(i).  "The phrase 'public accommodation' is

defined in terms of 12 extensive categories, which the legislative history indicates

'should be construed liberally' to afford people with disabilities 'equal access' to the

wide variety of establishments available to nondisabled." *PGA Tour, Inc.*, 121 S. Ct. at 1890 (footnote omitted). Restaurants are included among the twelve categories. 42 U.S.C. § 12181(7)(B).

Plaintiff has not established that he has a mental disability that impairs one or more major life activities. Indeed, the attachments to his complaint note no long-term history of mental illness (ECF No. 1 at 11), include mention of Plaintiff's "possible manipulation [of the Escambia County Jail's mental health services] for access to medications" while confined at the Jail (*id.*), and reveal that he was found competent to proceed with criminal or other proceedings on at least three separate occasions (in October 2017, November 2018, and April 2019) (ECF No. 1 at 10–19). Nevertheless, as before, even if Plaintiff has established the existence of *one* element of a claim under the ADA, the "mental impairment element," Plaintiff has not alleged—nor do the facts suggest—that Mackey discriminated against him *on the basis of* any mental impairment or disability. Last, the monetary relief Plaintiff seeks, which is the only relief he seeks, is not available even if he were to prevail this claim. Accordingly, Plaintiff has failed to state a plausible claim on which relief may be granted.

D. State Claims

Because Plaintiff plainly has failed to assert a viable claim against the Defendant under federal law, the undersigned finds the court should decline to

exercise supplemental jurisdiction over Plaintiff's state law claims, to include his tort claims and any claims under the Florida Constitution that have not been addressed herein. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

III.    CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*).  "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).  Here, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief on his § 1983 claims and his discrimination claims.  It also is apparent Plaintiff cannot cure the deficiencies by amendment.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556

U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's federal claims be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief can be granted.

2. That Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE.**

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 26<u>th</u> day of December 2019.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**